Affirmed and Memorandum Opinion on Remand filed October 28, 2003









Affirmed and Memorandum Opinion on Remand filed
October 28, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-01095-CR

____________

 

DAVID S. SOLIZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 2

Fort Bend County, Texas

Trial Court Cause No. 73,076

 



 

M E M O R A N D U M  O
P I N I O N  O N  R E M A N D

Appellant David S. Soliz was
convicted by a jury of misdemeanor perjury and sentenced to one year in jail
and a $500 fine, both probated.  On
original submission in three issues, he complained that the evidence was
legally and factually insufficient to prove venue was proper in Fort Bend
County, Texas.  We reversed on original
submission, finding the State failed to come forward with evidence of an act
appellant committed in Fort Bend County to support venue.  On petition for discretionary review, the
Court of Criminal Appeals held venue was proper in Fort Bend County and
remanded to this court for proceedings consistent with its opinion.








Background

Appellant sued Apollo Paint and Body and its owner, Farouk
Al Attar, in Fort Bend County small claims court, alleging Apollo converted
appellant=s personal property when
appellant=s employment with Apollo
terminated.  Apollo suffered a default
judgment and appealed de novo to the Fort Bend County Court.  In connection with its appeal, Apollo noticed
appellant=s deposition.  Appellant gave his deposition at the office
of Apollo=s attorney, William Harmeyer, in Harris County, Texas.  During the deposition, Harmeyer
questioned appellant about his background, including his educational and
employment history.  Appellant testified
that he graduated with a business degree from the University of Houston.  At the trial of the civil lawsuit in Fort
Bend County, appellant was called as a witness and readily admitted to the
court and the jury that he had lied in his deposition when he testified that he
earned a degree from the University of Houston.

Subsequently, the State charged appellant with perjury, a
Class A misdemeanor, which provides that A[a] person commits an offense
if, with intent to deceive and with knowledge of the statement=s meaning . . . he makes a
false statement under oath . . . and the statement is required or authorized by
law to be made under oath . . . .@  Tex.
Pen. Code Ann. ' 37.02(a)(1) (Vernon 1994). 
Venue was predicated on appellant=s alleged attempted use of the
perjured statement in Fort Bend County.  See
Tex. Code Crim.
Proc. Ann. art. 13.03
(Vernon 1977).  At the close of evidence,
appellant moved for a directed verdict on the ground that the State failed to
prove venue.  The motion was denied, and
appellant was convicted and sentenced to a $500 fine and one year in jail,
probated.

On original submission, appellant raised three issues
contending the trial court erred in denying his motion for directed verdict
because the evidence was legally and factually insufficient to support venue in
Fort Bend County.  This court held the
State failed to come forward with any evidence of an act appellant committed in
Fort Bend County to support venue and reversed appellant=s conviction.








The Court of Criminal Appeals reversed this court and found
that venue lies in Fort Bend County because appellant=s false statement in Harris
County was Aused or attempted to be used@ in Fort Bend County when it
was made in his party-witness deposition in a pending Fort Bend County
lawsuit.  See Soliz
v. State, 97 S.W.3d 137 (Tex. Crim. App.
2003).  The court further held:  

First, it is not necessary for
a party-deponent to offer his own false deposition testimony into evidence in
the county in which the lawsuit is pending to establish venue in that
county.  Second, a party-deponent who
intentionally makes a false statement in his deposition has Aused or attempted to use@ that statement in the
underlying lawsuit when he testifies in his deposition.  Third, venue is indeed proper for misdemeanor
perjury in a county where the party=s false deposition testimony is
used by his opponent to impeach that party at trial.  Fourth, appellant=s false statement in his
party-deposition was Aused@ in the underlying Fort Bend
County lawsuit at the very moment he testified in the Harris County deposition.[1]    

Based on that holding, the Court of Criminal Appeals
remanded to this court for proceedings consistent with its opinion.  The only remaining issue to be resolved is
appellant=s third issue in which he
contends the evidence is factually insufficient to show that appellant
attempted to use the false statement in Fort Bend County.[2]  We conduct a factual-sufficiency
review by asking whether a neutral review of all the evidence demonstrates the
proof of guilt is so obviously weak as to undermine confidence in the jury=s determination or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  Because the Court of Criminal Appeals held
that appellant=s false statement was used in
the underlying lawsuit Aat the very moment he testified
in his Harris County deposition,@ we find the evidence factually
sufficient to support venue in Fort Bend County.








 

The judgment of the trial court is affirmed.

 

 

_____________________________

Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Opinion filed October 28, 2003.

Panel
consists of Justices Yates, Hudson, and Frost.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  Soliz, 97 S.W.3d at 147-48.





[2]  The Court of
Criminal Appeals does not have jurisdiction over factual sufficiency issues. Tex. Const. art. V, ' 6.